Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff Daniel Di Mauro

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Daniel Di Mauro**, an Arizona resident; | **Case No.** |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Buca, Inc.,** a Minnesota corporation; | |
| Defendant. | **(Jury Trial Requested)** |

Plaintiff Daniel Di Mauro for his Verified Complaint against Defendant, hereby alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely and reasonable payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is also brought to recover minimum wage compensation,

liquidated damages, and statutory penalties resulting from Defendant's violations of the FLSA and Arizona Minimum Wage Statute.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claims are sufficiently related to his federal claim that they form the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendant in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Daniel Di Mauro resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendant from on or about January 31, 2018 until May 25, 2018.

9. At all relevant times, Plaintiff was an employee of the Defendant as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

10. Defendant Buca, Inc. is a corporation authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and

A.R.S. § 23-350.

11. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## **FACTUAL ALLEGATIONS**

12. Defendant is an Italian restaurant.

13. On or about January 31, 2018, Plaintiff Daniel Di Mauro commenced employment with Defendant as a dishwasher and prep cook.

14. Plaintiff's wage was $11.50 an hour.

15. As a dishwasher and prep cook, Plaintiff's primary job duties included washing dishes, cleaning, and preparing food to be used by the cooks.

16. Plaintiff was not paid his last two paychecks in the amount of $1,184.00.

17. Plaintiff resigned on May 25, 2018 and should have been paid his final paychecks on June 5, 2018.

18. On July 8, 2018, Plaintiff called and spoke to the manager at his restaurant inquiring about his unpaid wages.

19. The manager agreed to mail Plaintiff his owed paychecks.

20. The manager did not mail Plaintiff his owed paychecks.

21. On July 24, 2018, Plaintiff, through counsel, again demanded his owed wages, treble damages, and attorneys' fees.

22. Defendant did not accept that offer.

23. Because Plaintiff received $0.00 for working 103 hours on the previous pay periods, Defendant failed to properly compensate Plaintiff minimum wage under both the

FLSA and the Arizona Minimum Wage Statute.

24. Defendant did not pay Plaintiff any compensation for the last 103 hours he was employed at all in exchange for the work he performed for the benefit of Defendant.

25. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

26. Defendant willfully failed and/or refused to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Minimum Wage Statute.

27. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and Arizona Wage Statute were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

28. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

29. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

30. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

31. Defendant has intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

32. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C. § 206.

33. In addition to the amount of unpaid minimum wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

34. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendant's knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendant knew their failure to pay minimum wage was a violation of the FLSA.

35. Defendant has not made a good faith effort to comply with the FLSA.

36. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

39. Defendant intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

40. In addition to the amount of unpaid minimum wage owed to Plaintiff, he is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

41. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. At all relevant times, Plaintiff was employed by Defendant within the meaning of the Arizona Wage Statute.

45. Defendant was aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

46. Defendant was aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

47. Defendant failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

48. Defendant has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed the following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

      v.      willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona Wage Statute, in an amount to be determined at trial;

C.    For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

G.    Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED August 10, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Daniel Di Mauro

## VERIFICATION

Plaintiff Daniel Di Mauro declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Daniel Di Mauro*

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel. & Fax: 480.442.3410 – mzoldan@zoldangroup.com